BILAL A. ESSAYLI
United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
JOSHUA J. LEE (Cal. Bar No. 318332)
TRITIA L. YUEN (Cal. Bar No. 255468)
NEIL P. THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3183
    Facsimile: (213) 894-0142
    E-mail:   Joshua.Lee2@usdoj.gov
           Neil.Thakor@usdoj.gov
           Tritia.Yuen2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:24-CR-163(A)-JGB-4 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT VINCENT SOLAREZ |
| v. | |
| VINCENT SOLAREZ, | Sentencing Date: April 21, 2025<br>Sentencing Time: 2:00 p.m.<br>Location:    Courtroom 1 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Joshua J. Lee, Tritia L. Yuen, and Neil P. Thakor, hereby files its sentencing position for defendant Vincent Solarez.

///

///

1

This sentencing position is based on the attached memorandum of points and authorities, the Presentence Investigation Reports, the files and records in this case, and such further evidence, argument, and briefing, as the Court may permit.

Dated: April 7, 2025                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        United States Attorney

                                        LINDSEY GREER DOTSON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                                  /s/
                                        _____
                                        JOSHUA J. LEE
                                        TRITIA L. YUEN
                                        NEIL P. THAKOR
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

On January 22, 2025, a jury convicted all defendants on all counts as charged in the first superseding indictment.  Specifically, defendant Vincent Solarez ("defendant") was convicted on Counts One (Conspiracy to Interfere with Commerce by Robbery), Two (Interference with Commerce by Robbery), and Four (Carjacking).

On March 20, 2025, the United States Probation Office ("USPO") filed its Presentence Investigation Report and corresponding recommendation letter.  (Dkts. 225-226.)  The USPO calculated his total offense level to be 23, with a criminal history category of II, resulting in an advisory guidelines range of 51 to 63 months.  (Dkt. 226 ¶ 111.)  The USPO is recommending a total term of 48 months in federal custody, three years of supervised release, a $300 mandatory special assessment, and restitution.  (Dkt. 225.)  The government agrees with the USPO's calculation of the sentencing guidelines, but recommends a low-end sentence of 51 months' imprisonment to accurately reflect defendant's conduct and to avoid unwarranted sentencing disparities.

**II.   STATEMENT OF FACTS**

In the early morning hours of March 12, 2024, defendants Guerrero, Gafare, and Leal robbed M.G.A.R., a car repair shop (which doubled as a residence), and victims R.M. and C.P., a married couple. The victims were both in bed when the three robbers, Guerrero and Gafare, armed with black handguns, and Leal armed with a crowbar, surrounded the victims.  One of the male robbers pistol whipped R.M.'s head and brought R.M. to the office area of the shop.  The

robbery occurred as defendant Solarez was parked in his white BMW, across the street, and acting as the lookout.

Defendant Gafare stayed with C.P. in the bedroom making sure she complied.  Defendants Guerrero and Leal were in the office and Leal translated Guerrero's threats to R.M. from English to Spanish. Guerrero threatened to kill R.M., as well as his wife C.P., if R.M. did not hand over cash, his car keys, and if he ever called law enforcement.  R.M. complied.  R.M. turned over cash from his office desk, cash from his pocket, and the car keys to the Chevrolet, which was intended for "commercial" purposes according to the Certificate of Title.  The Chevrolet also contained the tools and scanner that was fundamental and necessary to the car repair shop business, and the car was parked right outside the business.  One of the male robbers then stripped the business of its surveillance system and removed evidence of a robbery taking place.

Defendants left the car shop and reversed the Chevrolet from the driveway of the car shop onto the main street.  Defendant Solarez, in his white BMW, waited until the Chevrolet was reversed from the car shop before U-turning and following his co-conspirators away from the robbery location.  Solarez was on the phone with the other defendants during the time the robbery took place.

The victims, out of fear of retaliation and threats to their lives, never called law enforcement, including the FBI.  They only went to the hospital once their friend advised them they should. R.M. was bleeding and blood covered his body, and when he went to the hospital, he required at least a dozen staples.  A scar was left where the pistol whip occurred and R.M. still felt pain from the injury at the trial in this matter, which was approximately 10 months

after the robbery.  The instant offense was only reported because hospital staff called the San Bernardino County Sheriff's Department for the victims.

On May 30, 2024, a search warrant was executed on Guerrero's residence.  Guerrero was present when the search warrant was executed and tried to flee out the backdoor, but ultimately was detained and arrested.  Leal also was present when the search warrant was executed.

The residence was a two-bedroom apartment that defendant Guerrero shared with his girlfriend, in whose name the apartment was leased.  One bedroom appeared to be an art studio for Guerrero's girlfriend.  The second bedroom was shared by Guerrero and his girlfriend.  In the closet of the second bedroom, which contained men's clothing, law enforcement recovered a black and silver Taurus semi-automatic handgun bearing serial no. NAP78197, loaded with a black magazine containing 11 rounds of .45 caliber ammunition.  Under the bed, law enforcement found two additional magazines containing 9mm ammunition, several dozen rounds of ammunition, and cash.  They also found mail and a social security card in Guerrero's name.  Law enforcement did not find a toy or fake guns.

**III.  THE USPO'S GUIDELINES CALCULATION**

The USPO calculated defendant's total offense level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2B3.1(a) |
| Carjacking: | +2 | U.S.S.G. § 2B3.1(b)(5) |
| Loss over $20,000: | +1 | U.S.S.G. § 2B3.1(b)(7)(B) |
| **Total** | 23 | |

(PSR ¶¶ 38-46.)  The USPO further calculated defendant's criminal history category to be II, resulting in a guidelines range of 51 to

3

63 months.  (PSR ¶¶ 53-62, 111.)  The USPO is recommending a total term of 48 months in federal custody, which is below the guidelines range.  (Dkt. 225 at 2.)  Despite noting defendant's history of violent crime, the USPO nevertheless recommends a downward variance because of his chaotic and difficult upbringing.  (Dkt. 225 at 7.) The government agrees with the USPO's calculations, but seeks a low-end guidelines sentence of 51 months for defendant.

## IV.  VICTIM IMPACT AND RESTITUTION

The government is filing impact statements from the victims separately for the Court's review.  Each victim provided accounts as to how the robbery affected their lives, including how they still live in fear and suffer from physical and mental health issues to this day.  Their impact statements should be accorded great deference.

The government requests that the Court set a separate restitution hearing in approximately 60 days to allow the government additional time to obtain documentation supporting the victims' restitution requests.

## V.  THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government believes that a sentence of 51 months, followed by a three-year period of supervised release, a $300 mandatory special assessment, and restitution, is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### A.  The Court Should Impose a 51-Month Term of Imprisonment

The recommended sentence reflects the serious nature of defendant's offenses, as well as the need to deter criminal conduct and protect the public.  Defendant was part of a conspiracy to

violently robbed two victims in the middle of the night.  As the
lookout, he played a critical role in ensuring that law enforcement
did not happen upon the crime in progress.  The charges that he has
been convicted of, and the corresponding sentencing guidelines range,
reflect his relative culpability compared to his co-defendants.  This
consideration from that alone further supports that he was an average
participant in the crime, and the USPO correctly determined that a
role adjustment should not be applied.  (PSR ¶ 44.)  There are no
other factors warranting a downward variance from the sentencing
guidelines range.

Rather, defendant's history and characteristics support a
within-guidelines sentence.  His criminal history dates back to the
1980's and includes convictions for assault with a deadly weapon and
narcotics offenses.  While he undoubtedly grew up in some difficult
circumstances, he has demonstrated an ability to maintain employment
and develop relationships with family members.  As defendant has not
accepted responsibility for his actions in the instant offense, we
cannot know why he engaged in such violence criminal conduct.  But
regardless of his reasons, the impact of his crime on the victims is
severe and a low-end, 51-month sentence is appropriate.

By imposing a sentence within the advisory guidelines, the Court
will ensure that defendant is treated consistently with other
similarly situated defendants across the country.  See United States
v. Saeteurn, 504 F.3d 1175, 1181 (9th Cir. 2007).  Although some
mitigating factors may exist, the violent nature of this robbery as
well as defendant's history and characteristics warrant a low-end
sentence of 51 months.

**B.    The Court Should Impose a Three-Year Term of Supervised Release the Mandatory Special Assessment, and Restitution**

The government recommends that the Court order a three-year period of supervised release for defendant once he is released from custody.  A three-year period of supervised release will help to ensure that defendant continues to diligently abide by the law upon his release from custody, especially taking into consideration his criminal history.  Further, the government recommends a $300 mandatory special assessment for defendant.

The government has filed Victim Impact Statements that include requests for restitution.  As noted above, the government requests that the Court set a separate restitution hearing in approximately 60 days to allow the government additional time to obtain documentation supporting the victims' restitution requests.

## VI.    CONCLUSION

For the reasons set forth above, the government respectfully requests that defendant be sentenced as follows: (1) a 51-month term of imprisonment; (2) a three-year period of supervised release; (3) a special assessment of $300; and (4) restitution in an amount to be determined at a later restitution hearing.

**CERTIFICATE OF SERVICE**

I, Stephanie Ascencio, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, California 92501; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of: **GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT VINCENT SOLAREZ**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☒ By email delivery, as follows: **SEE ATTACHED**

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **April 8, 2025,** in Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/ *Stephanie Ascencio*
_____
Stephanie Ascencio
Legal Assistant

**<u>ATTACHMENT</u>**

USPO Kristi Listle
<u>Kristi_listle@cacp.uscourts.gov</u>