**DAVID R. REED, State Bar #62479**
Attorney at Law (Automatictrials@yahoo.com)
42-215 Washington St., Suite A-204
Palm Desert, CA 92211
(760) 333-7975

Attorney for: VINCENT SOLAREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO: 5:24 cr-163 JGB #4 |
| Plaintiff, ) | DEFENDANT SOLAREZ'S POSITION RE: SENTENCING FACTOR BRIEF |
| -vs- ) | |
| VINCENT SOLAREZ, ) | |
| Defendant ) | |
| _____ ) | |

To: the Clerk of the above-entitled Court, and Assistant United States Attorneys, Joshua Lee, Neil Thakor, and Tritia Yuen:

Comes now, David R. Reed, counsel for defendant, VINCENT SOLAREZ ("Mr. Solarez",) and files his Position Re Sentencing Factor Brief. Defendant agrees with the guideline calculation of the Probation Office and their recommendation of a variance downward to a 48-month sentence for Mr. Solarez.

This Sentencing Position is supported by the attached Memorandum of Points and Authorities, and any argument the Court may wish to receive at the hearing of this motion.

Dated: April 22, 2025,     Respectfully submitted

     /S David R. Reed
     _____
     David R. Reed for Vincent Solarez

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. GUIDELINES

As stated in Mr. Solarez's Rule 29 and 33 Motions.  Looking at the facts of the case in a light "most favorable" to the government, it can be found that Mr. Solarez was the lookout parked on the street when the co-defendants entered MGAR repair shop.   However, the evidence did not show that Mr. Solarez **knew** that his co-defendants were intending to commit a robbery, or car jacking, or that there were even "victims" within the MGAR repair shop.  There was no evidence to show that he surveilled the business before the offense occurred.  It cannot be found that he knew there were people sleeping within the business.

As stated at § 34 of the PSR, assuming that Mr. Solarez knew his co-defendants intended to commit a robbery and a car jacking, with respect to "relevant conduct" and the application of enhancements, as the PSR summarized, "It cannot be determined that the specific conduct [of the co defendants] was reasonably foreseeable to Solarez.." "The record available to the Probation Officer does not establish that Solarez was told about the firearms, nor that threats or violence were intended.  It is not established what was said and shown between the conspirators prior to the robbery, nor is it established that the conspirators knew the others' general methods of operation."

Accordingly, the defense agrees with the reasoned calculation of the guidelines by the Probation Office regarding Mr. Solarez and their 48-month recommendation:

The Base Offense Level is 20, as set forth at §38 of the PSR.

There is a a 2 level enhancement for car jacking, at § 40 of the PSR.

The loss (the truck) resulted in a +1 point enhancement, at § 41 of the PSR.

There can be no "acceptance of responsibility" decrease: Total Offense Level = 23.

Defendants Criminal History Score was accurately calculated at II.

The correct range is 51 - 63 months.

## II. 3553 FACTORS

The defense agrees with the assessment of the Probation Office with respect to their analysis of the 3553 factors in defendant's case and what would be a "minimally sufficient"

sentence, especially given his age.   As set forth in their March 17, 2025 Letter to the Court, and summarizing:  Mr. Solarez has not been in trouble since 2016, has had a difficult upbringing, is 58 years old, and 48 months is a "minimally sufficient" sentence based on all the factors of this case.

    Defendant agrees with all the conditions of supervised release recommended by the Probation Office and asks that the Court recommend that defendant be designated to the B.O.P. facility at Victorville and that he be recommended for the RDAP program. .

Dated: April 22, 2025        Respectfully submitted,

                             /s/ David R. Reed
                             David R. Reed for Mr. Solarez